UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Johnson, # 39209, | ) C/A No. 8:08-3529-HFF-BHH |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Lieutenant Curtis Bufford, Alvin S. | ) |
| Glenn Detention Center; and | ) |
| Kevin Williams, Alvin S. | ) |
| Glenn Detention Center, official | ) |
| and individual capacity, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

***Background of this Case***

The plaintiff is a pre-trial detainee at the Alvin S. Glenn Detention Center, which is

the detention center for Richland County, South Carolina.  He has brought suit pursuant

to 42 U.S.C. § 1983 against a Lieutenant at the detention center and a food server.[1]  The

above-captioned case raises allegations regarding the presence of a snake in grits served

to the plaintiff and other detainees on September 4, 2008.  The plaintiff's answers on page

2 of the complaint indicate that he filed a grievance on October 8, 2008, which was two

days before he signed and delivered the pleadings for mailing.  The plaintiff has not

_____

[1]It is not clear from the complaint whether Kevin Williams, the food server, is an
employee of the Alvin S. Glenn Detention Center.

1

received a response to this grievance.  In his prayer for relief, the plaintiff seeks actual and punitive damages for "pain and suffering" and emotional distress.

### *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70,

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(I) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Since the plaintiff signed and delivered the complaint in this case for mailing two days after he filed a grievance and he states he has not received a response to his grievance, it is readily apparent that the plaintiff has not exhausted his detention center remedies.[4]  42 U.S.C. § 1997e(a)(which was enacted as part of the PLRA); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 531 U.S. 956 (2001) (holding PLRA requires administrative exhaustion even if

---

[4]Approximately thirteen "snake in the food" cases have been submitted by various detainees at the Alvin S. Glenn Detention Center.  Information disclosed in one "snake in the food" case, *Parker v. Bufford, et al.*, Civil Action No. 8:08-3475-DCN-BHH, reveals that the inmate grievance procedure at the Alvin S. Glenn Detention Center gives the detention center ten (10) working days to file a response to a grievance.  *See* Entry No. 1-2 in Civil Action No. 8:08-3475-DCN-BHH.

In the above-captioned case, this court may take judicial notice of Civil  Action No. 8:08-3475-DCN-BHH.  *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

3

grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).[5]

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

October 23, 2008
Greenville, South Carolina

---

[5]Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, sua sponte dismissal prior to service of the complaint is appropriate. *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). The recent decision of the Supreme Court in *Jones v. Bock,* 549 U.S.199 (2007), does not require that process be issued in the above-captioned case. The complaint in *Jones v. Bock* contained both exhausted and unexhausted civil rights claims. In the above-captioned case, none of the claims raised by the plaintiff are exhausted.

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).