

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| ANTONIO JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:08-3529-HFF-BHH |
| | § | |
| LIEUTENANT CURTIS BUFFORD and | § | |
| KEVIN WILLIAMS, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff, a pre-trial detainee, is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 23, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on October 31, 2008.

The Magistrate Judge recommended dismissing this case because at the time Plaintiff filed this action, he had not yet exhausted his detention center remedies. (Report 3-4.) In his objections, Plaintiff provided a copy of the response to his grievance dated September 10, 2008. (Pl.'s Objections 2.) Plaintiff requests that his case be allowed to go forward because he has now exhausted his detention center remedies.

The general rule is that a prisoner must exhaust his administrative remedies *before* filing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *see also Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002) (noting that prisoner must "exhaust all available administrative remedies before filing any federal lawsuit challenging prison conditions."). In his complaint, Plaintiff stated that he filed a grievance on October 8, 2008, but that he had not yet received a response when he signed his complaint two days later on October 10. (Pl.'s Compl. 2.) Based on this information, the Magistrate Judge correctly recommended dismissal without prejudice. However, in his objections, Plaintiff attached a copy of the response he received from prison officials, which is dated September 10, 2008, one month before Plaintiff signed his complaint. Thus, the dates on the actual grievance form conflict with the information in Plaintiff's complaint.

Because of this apparent conflict and because the Magistrate Judge is more familiar with the administrative procedures available to state prisoners, the Court believes that referral of this issue back to the Magistrate Judge is appropriate.

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court remits this case back to the Magistrate Judge for consideration of the new information provided in Plaintiff's objections and for a determination of whether Plaintiff properly exhausted his administrative remedies.

**IT IS SO ORDERED**.

Signed this 12th day of January, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.